RENDERED: JULY 19, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0860-MR

ANTONIO WILLIAMSON                                                APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM JEFFERSON CIRCUIT COURT<br>HONORABLE ERIC J. HANER, JUDGE<br>ACTION NO. 08-CR-002736 |

COMMONWEALTH OF KENTUCKY                              APPELLEE

### OPINION AND ORDER
### DISMISSING

\*\* \*\* \*\* \*\* \*\*

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Antonio Williamson brings this appeal from a May 12, 2014, order of the Jefferson Circuit Court revoking his probation and imposing a seven-year sentence of imprisonment. For the reasons stated, the appeal is dismissed.

On April 22, 2008, Williamson was arrested and charged with seven counts of burglary in the first degree. Williamson subsequently entered a guilty plea to two counts of burglary in the third degree. By Judgment of Conviction

Granting Probation entered December 31, 2008, Williamson was sentenced to seven-years' imprisonment probated for a period of five years.

Over the next several years, the Commonwealth filed numerous motions to revoke Williamson's probation based upon various alleged probation violations; however, his probation was not revoked. Then, by motion filed August 29, 2013, the Commonwealth again moved to revoke Williamson's probation following yet another alleged probation violation. A hearing upon the Commonwealth's motion to revoke Williamson's probation was subsequently conducted on May 7, 2014. By order entered May 12, 2014, Williamson's probation was revoked, and the seven-year sentence of imprisonment was imposed.

Some nine years later, on May 17, 2023, a motion to reconsider the court's May 12, 2014, order revoking Williamson's probation was filed on his behalf. By order entered May 22, 2023, the circuit court denied the motion to reconsider:

> This matter came before the Court on May 22, 2023, at motion hour, on a motion to set aside the Court's order revoking [Williamson's] probation which was entered on May 7, 2014, on the basis that [Williamson] was not on probation at the time of revocation.
>
> [Williamson] did not appear, but rather his "POA" [Power of Attorney] appeared for him, and she advised that [Williamson] is in custody in Oldham County (not on this case). In reviewing the file, it appears that this motion may have actually been filed by Valencia Cox, the alleged POA, and not by [Williamson]. The Court

-2-

advised Ms. Cox that she is not an attorney, and cannot act as [Williamson's] legal representative. She then asked the Court to set a hearing date and have [Williamson] brought in for a hearing. The court advised Ms. Cox that it was denying the motion since the sentence in this case has been discharged, and that any error had to be raised at the hearing held on May 7, 2014, or within thirty (30) days thereafter. Ms. Cox then requested due process, and the Court advised her that the motion was being denied based on the Court's review of the case file, and there was no need to hold a hearing. She then asked for a written order for an appeal.

Wherefore, **IT IS HEREBY ORDERED** that [Williamson's] motion is **DENIED**. This is a final and appealable order.

May 22, 2023, Order at 1.

As noted in the above order, the May 17, 2023, motion to reconsider the May 12, 2014, order revoking Williamson's probation appears to have been filed by Valencia Cox, as attorney-in-fact for Williamson.[1] The motion to reconsider was signed in the following manner: "Antonio Dionte Williamson Trust" and "Respectfully Submitted By: /s/ Antonio." However, as noted by the circuit court, Cox "is not an attorney, and cannot act as [Williamson's] legal representative." May 22, 2023, Order at 1. Relevant to the current appeal is that the notice of appeal taken from the May 22, 2023, Order was "Submitted, By:

---

[1] The trial record contains a document entitled "General & Durable Power of Attorney" that purports to appoint Valencia Cox as Antonio Dionte Williamson's "lawful attorney in fact." Trial Record at 155.

-3-

Antonio Dionte Williamson, bene by POA Valencia Cox." Trial Record at 172. And, the appellant's brief filed on behalf of Williamson was "Submitted By: Authorized Representative for Appellant."

It is well established that "a power of attorney does not grant the possessor [of same] . . . the ability to represent that person in a court of law." *Baldwin v. Mollette*, 527 S.W.3d 830, 835 (Ky. App. 2017). In fact, the right to represent another person in a court of law "is reserved for members of the bar." *Id.* More particularly, "**only** persons who are admitted to the bar may practice law and represent others" and the one exception is that person may act *pro se* on his own behalf. *Id.* Thus, Cox could not act as Williamson's attorney-in-fact by filing the notice of appeal and the appellant's brief in this appeal; such representation constitutes the unauthorized practice of law. *See id.* Accordingly, the appellant's brief filed in this appeal by Valencia Cox, on behalf of Williamson, shall be stricken and the appeal dismissed for the reasons stated.

Now, therefore, be it ORDERED that the brief filed on behalf of appellant, Antonio D. Williamson, in Appeal No. 2023-CA-0860-MR is hereby STRICKEN and Appeal No. 2023-CA-0860-MR is hereby DISMISSED.

ALL CONCUR.

ENTERED: July 19, 2024

_____
JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT:

Antonio:Williamson
Louisville, Kentucky
Authorized Representative for
Appellant

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General
Frankfort, Kentucky

J. Grant Burdette
Assistant Attorney General
Frankfort, Kentucky